UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KAMAL TIJANI,

          Petitioner,          Case No. 1:26-cv-38

v.                                         Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

          Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### Discussion

**I.     Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action, declare that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A), is the appropriate statutory provision that governs Petitioner's detention and eligibility for bond, and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.29–30.)

In an order entered on January 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 12, 2026, (ECF No. 4), and Petitioner filed his reply on January 24, 2026, (ECF No. 5).

## II.     Factual Background

Petitioner is a native and citizen of Nigeria. (Pet., ECF No. 1, PageID.8; Notice to Appear (NTA), ECF No. 4-1, PageID.46.) Petitioner entered the United States on May 30, 2017, "as a nonimmigrant Student with authorization to remain in the United States for a temporary period not to exceed May 17, 2019." (NTA, ECF No. 4-1, PageID.46.) On October 31, 2025, ICE encountered Petitioner in the United States and took him into custody. (Pet., ECF No. 1, PageID.2.) At that time, ICE issued Petitioner a Form I-862, NTA, charging Petitioner with being removable under "Section 237(a)(1)(B) of the Immigration and Nationality Act" because Petitioner "remained in the United States for a time longer than permitted." (NTA, ECF No. 4-1, PageID.46.)

Thereafter, the Detroit Immigration Court held a bond hearing under 8 U.S.C. § 1226, and on November 13, 2025, the immigration judge issued a written decision denying Petitioner's bond request because Petitioner "did not establish he does not present a substantial flight risk." (Order Immigration Judge, ECF No. 4-2, PageID.50.) Petitioner is scheduled for a master calendar hearing in the Detroit Immigration Court on February 10, 2026. (Notice In-Person Hearing, ECF No. 4-4.)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

**IV.    Discussion**

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.29–30.) Prior to initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for bond on November 13, 2025. (Order Immigration Judge, ECF No. 4-2.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the November 2025 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition and reply do not mention the November 2025 bond hearing. (*See id.*; Reply, ECF No. 5.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any

claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   January 30, 2026                           /s/ Paul l. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the November 2025 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.